UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PEDRO GAYTAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 08-CV-2113 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

On May 19, 2008, Petitioner Pedro Gaytan filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). On June 19, 2008, the United States of America filed a Motion to Dismiss (#3), and on July 7, 2008, Petitioner filed a Response to the Government's Motion to Dismiss (#4). For the reasons that follow, the Government's Motion to Dismiss (#3) is GRANTED. Petitioner's Motion (#1) is dismissed.

BACKGROUND

On January 17, 2007, Petitioner was charged in a two-count indictment with conspiracy to distribute 5 kilograms or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (Count 1), and attempted distribution of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 2). On October 10, 2007, Petitioner pleaded guilty to both counts in the indictment, pursuant to a written plea agreement. In his plea agreement, Petitioner knowingly and voluntarily agreed to waive his right to appeal his conviction and/or sentence. Petitioner also knowingly waived his right to collaterally attack his sentence. Paragraph 27 of the plea agreement stated:

The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorneys, this Court was without the proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of

this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence as long as the sentence is within the maximum provided in the statutes of conviction.

This court accepted Petitioner's guilty plea, and on February 11, 2008, sentenced him to 70 months in the Federal Bureau of Prisons on Counts 1 and 2, to be served concurrently, five years of supervised release, and a $200 special assessment. The sentences imposed were within the maximum provided for in the applicable statutes.

ANALYSIS

Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) on May 19, 2008. This court agrees with the Government that Petitioner has waived his right to pursue relief under 28 U.S.C. § 2255.

The Seventh Circuit strictly enforces waivers of the right to challenge a sentence. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). A defendant who expressly waives, in a plea agreement, the right to file a § 2255 motion challenging his sentence may only file such a motion if he can demonstrate that the waiver was made unknowingly, involuntarily, or as the result of ineffective assistance of counsel. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999).

In this case, the Government is correct that Petitioner has not raised any claims directly related to the waiver or its negotiation, including any claims of ineffective assistance of counsel. Petitioner does, in passing, express dissatisfaction with his presentence report, noting that he was

not made aware by that report, or his attorney, that he would not be eligible for an in-prison drug treatment program, early release and a number of other benefits. However, this court does not construe this complaint as a claim of ineffective assistance of counsel with regards to the plea agreement or the waiver of Petitioner's right to collaterally attack his sentence. Indeed, the Government is correct that Petitioner does not mention the plea agreement or waiver at any point in his motion. As Petitioner has failed to assert that there was any defect in the waiver, this court concludes that the written plea agreement in this case contains a clear waiver of Petitioner's right to collateral attack under 28 U.S.C. § 2255. Petitioner's claims are clearly barred by this waiver.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion to Dismiss (#3) is GRANTED.

(2) Petitioner's motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is dismissed.

(3) This case is terminated.

ENTERED this 22nd day of July, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE